J-S62023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAYCE MARIE LEE | : | |
| | : | |
| Appellant | : | No. 508 WDA 2019 |

Appeal from the Judgment of Sentence Entered, December 18, 2018,
in the Court of Common Pleas of Clearfield County,
Criminal Division at No(s):  CP-17-CR-0000194-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 19, 2020**

Kayce Marie Lee appeals from the judgment of sentence imposed following her guilty plea to third-degree murder.[1]  We affirm.

The trial court summarized the factual and procedural history underlying this appeal as follows.

> The case at bar involves the death of Richard A. Bennett ("victim") on February 5, 2018.  No trial was held, but . . . Lee . . . accepted a guilty plea and accepted all the facts in the affidavit of probable cause as set forth below.  [Lee] and victim shared a home and a four-year old daughter at the time of the incident.  At all times relevant to the incident in question, the daughter was present.  [Lee] and victim began a verbal altercation, which escalated when the victim began slapping [Lee] in the head.  [Lee] alleges she could not locate her phone, and that she could not leave the residence due to the victim blocking the doorway.  [Lee] alleges the victim pushed her backward and punched her in the face.  As a result, [Lee] grabbed a kitchen knife.  Victim then smacked her on the face again, knocking off

---

[1] **See** 18 Pa.C.S.A. § 2502(c).

her glasses. [Lee] claims she was unsure where she stabbed him, but admits to stabbing him. After that, the victim left the home. [Lee] claims she searched for victim inside and outside of the home, but was unable to locate him. [Lee] then took her daughter to her grandmother's home and slept there. After awakening the next morning, [Lee] called family members to see if anyone knew where the victim was, which they did not. [Lee] went back to her home and was, again, unable to locate the victim. She returned to her grandmother's home and called family members and local hospitals with no success. She later telephoned 911.

The victim was found 30 feet north of the residence between the driveway and swing set. It is noted in the affidavit of probable cause that [Lee] would have driven past victim's location at least three times before calling the police. Although [Lee] claims that victim slapped her in the head and physically assaulted her prior to his death, there were no markings or bruises located on [Lee] after a physical examination was conducted.

[Lee] entered an open plea of guilt to murder of the third degree on September 18, 2018, which provided the sentencing court full discretion in determining sentencing. The standard range for murder of the third degree is 120 months to 240 months, meaning the minimum must be set within that range in order to be within the standard range. [Lee] was originally sentenced on December 18, 2018. Probation recommended a sentence of $1.00 Fine + Costs and 20 to 40 years State Correctional Institute for Women at Muncy, PA. This recommendation was within the standard range, as the minimum corresponded to the 240 months (20 years). Additionally, Probation recommended that [Lee] shall have no contact with the [victim's] immediate family. At the original sentencing hearing, defense counsel stated that [Lee] had a prior record score of 3 and offense gravity score of 14, and confirmed that the standard range was 120 months to 240 months. Defense counsel argued that the court should ignore the recommendation and instead place her minimum at the bottom of the standard range due to the background in the case. [Lee] testified that she was remorseful for her actions and that she suffered from Battered Woman Syndrome. Neither [Lee] nor defense counsel put forth any evidence to show [Lee] suffered from Battered Woman Syndrome. The court took this testimony under advisement, and subsequently [Lee] was sentenced in the standard range to 20 to 40 years in the State Correctional Institute for Women in Muncy, Pennsylvania. As part of her sentencing, it

was ordered by the court that [Lee] have no contact with the [victim's] immediate family.

Trial Court Opinion, 7/2/19, at 1-3 (some capitalization omitted).

Lee filed a timely post-sentence motion, which the trial court denied on March 1, 2019. Lee thereafter filed a timely notice of appeal. Both Lee and the trial court complied with Pa.R.A.P. 1925.

Lee raises the following issues for our review:

1. Whether the sentencing court abused its discretion in deviating above the applicable standard and aggravated guideline range to impose a sentence of twenty to forty years for criminal homicide/murder of the third degree without providing any statement of reasons for its extreme departure from the guideline range?

2. Whether the sentencing court abused its discretion in imposing a manifestly unreasonable sentence above the applicable guideline range for the charge of criminal homicide/murder of the third degree based solely upon factors already taken into account by the guidelines, without giving adequate consideration to mitigating factors such as [Lee's] remorse, her cooperation with law enforcement and attempts to locate the victim, and her prior history of being abused by the victim?

3. Whether the sentencing court abused its discretion by imposing a no contact with the deceased's immediate family as a condition of sentencing without any supporting evidence that such condition is necessary nor was requested by such family, specifically [Lee's] minor child or her legal guardian?

Lee's Brief at 3-4 (some capitalization omitted).

Lee's issues challenge the discretionary aspects of her sentence.[2] As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id**. (citation omitted). When an appellant challenges the discretionary aspects of his/her sentence, we must consider his/her brief on this issue as a petition for permission to appeal, as the right to pursue such a claim is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004).

We determine the existence of a substantial question on a case-by-case basis. **See Commonwealth v. Feucht**, 955 A.2d 377, 384 (Pa. Super. 2008). A substantial question exists only when "the appellant advances a

---

[2] As Lee entered an open guilty plea, she retained the right to challenge the discretionary aspects of her sentence. **See Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017) (holding that when a defendant enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, he/she waives the right to challenge all non-jurisdictional defects except the legality of the sentence and the validity of the plea, but retains the right to challenge the discretionary aspects of his/her sentence).

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted). Thus, the 2119(f) statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000). Alternatively, the 2119(f) statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Id*. If the statement meets at least one of these requirements, we can decide whether a substantial question exists.

In the instant case, Lee filed a timely notice of appeal, preserved her claims in a timely post-sentence motion, and included in her appellate brief a Rule 2119(f) statement. As such, she technically complied with the first three requirements to challenge the discretionary aspects of her sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review Lee's Rule 2119(f) statement to determine whether she has presented a substantial question for our review.

The entirety of Lee's Pa.R.A.P. 2119(f) statement reads as follows:

> [Lee] challenges the discretionary aspects of her sentence as it is inconsistent with a specific provision of the sentencing code and contrary to the fundamental norms which underlie the sentencing process. Specifically, the sentence imposed against [Lee] is

manifestly excessive and an abuse of the sentencing court's discretion as the court failed to properly consider all relevant factors. Additionally, the sentencing court erroneously interrupted [sic] facts of the case to justify its sentence resulting in a misapplication of the law and a distinctly unreasonable decision.

Lee's Brief at 7.

Limiting our review to Lee's Rule 2119(f) statement, we conclude that she has failed to raise a substantial question. Nowhere in her three sentence Rule 2119(f) statement does she state (1) where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates; or (2) what fundamental norm the sentence violates and the manner in which it violates that norm. **Goggins**, 748 A.2d at 727.

Instead, the 2119(f) statement merely contains bald assertions of generalized error. **See Commonwealth v. Reynolds**, 835 A.2d 720, 733 (Pa. Super. 2003) (holding that bald allegations presented in a Rule 2119(f) statement do not present a substantial question). Importantly, "this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons; [t]o the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process." **Commonwealth v. Cannon**, 954 A.2d 1222, 1229 (Pa. Super. 2008) (citation omitted). A Rule 2119(f) statement that simply contains incantations of statutory provisions and pronouncements of conclusions of law is inadequate. **See Commonwealth v. Bullock**, 868 A.2d 516, 529 (Pa. Super. 2005); **Commonwealth v. Martin**, 727 A.2d 1136, 1143 (Pa. Super.

1999). Rather, only where the Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. **See Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002); **Bullock**, 868 A.2d at 529.

We additionally observe that the 2119(f) statement makes no reference whatsoever to the first issue or third issue raised in Lee's Statement of Questions Presented. **See** Lee's Brief at 3-4. Regarding Lee's first issue, the 2119(f) statement makes no claim that the trial court imposed a sentence outside the sentencing guidelines, or that it failed to place a statement of reasons for its departure from those guidelines. Regarding Lee's third issue, the 2119(f) statement makes no mention that the trial court abused its discretion in imposing a sentencing condition that she have no contact with the deceased's immediate family or her minor child.[3]

Although the 2119(f) statement references the second issue Lee raised on appeal, Lee does not identify what factors the trial court allegedly failed to

---

[3] Had these issues been preserved for our review, we would have concluded that they lack merit for the reasons expressed by the trial court in its opinion. **See** Trial Court Opinion, 7/2/19, at 4-9.

properly consider. However, even if Lee had identified such factors, this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. ***Bullock***, 868 A.2d at 529.

Based on the foregoing, we conclude that Lee has failed to present a substantial question that the trial court abused its discretion in fashioning her sentence. As such, we decline to review her sentencing challenges, and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2020